**Commonwealth v. Grillo**

*Emil W. Kantra, II,* Assistant District Attorney, for the Commonwealth.
*Robert M. John,* for defendant.

MELLENBERG, *J.,* August 18, 1983 — This matter comes before the court on defendant's motions for new trial and in arrest of judgment following his summary conviction on December 21, 1982 for speeding. The factual background of the case is largely undisputed.

On or about April 8, 1982, Officer Lawrence S. Minutolo of the Upper Saucon Township Police Department was operating a Vascar-Plus speed timing device at approximately 7:45 a.m. on Route 309 North at an area located between Route 378 and Campmeeting Road in Lehigh County, Pa. The posted speed limit in this area was 40 miles per hour.

On the date and at the time and place aforesaid, Officer Minutolo allegedly timed defendant's motor vehicle by using Vascar-Plus apparatus at 54 miles per hour in the 40 mile per hour zone.

Vascar-Plus is an electrical mechanical device that is mechanically started and stopped by the patrolman's manipulation of a toggle switch, much like a stop-watch, and the unit electrically gives a speed indication calculated from information previously fed into the machine as to the number of feet over the prescribed course and the time sequence between the officer turning the switch on and then off. The officer watches the shadow cast by the vehicle at both the point of entry and exit on the prescribed course instead of trying to watch the actual vehicle pass two certain points. This eliminates the problem of depth perception created when an officer tries to determine when a vehicle has passed a point some distance from him.

Defendant was tried on December 21, 1982. At that time, defense counsel raised issues set forth in a written motion to dismiss summary conviction. The motion was made preliminarily, again in the form of a demurrer, and finally in the form of a motion to dismiss the case at the conclusion of the trial. Defendant raised the following objections.

(1) There was no ordinance in existence on April 8, 1982 in Upper Saucon Township authorizing the use of an electrical-mechanical speed timing device such as Vascar-Plus to enforce the maximum speed limit against the defendant.

(2) There were no signs posted on April 8, 1982, indicating the enactment of any such ordinance, nor were there any signs indicating the use of Vascar-Plus in the township.

(3) There was no agreement with the Pennsylvania State Police allowing the local police to patrol and enforce speed restrictions on Route 309 in Upper Saucon Township.

The court denied the pre-trial motion, the demurrer, and the motion to dismiss at the conclusion of

the trial, and found defendant guilty of the summary violations as charged. Defendant timely filed a motion in arrest of judgment and for a new trial. The aforesaid objections are the only issues raised by defendant in his post-trial motions.

Neither party cited determinative Pennsylvania Appellate Court cases; and lower court cases have decided the objections with opposite results. This court feels the better reasoned opinions are those that would invalidate defendant's arguments and that the use of Vascar-Plus apparatus was not illegal under the circumstances of this case.

Sections 6102(b) and 6109(b)(1) of the Vehicle Code do not require a township to enact an ordinance authorizing the use of an apparatus such as Vascar-Plus, See: Act of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §§6102, 6109. The power to enforce speed limits is an inherent "police power" of a municipality as recognized by Section 6109(a) and therefore it is not a power which must be validated by the enactment of a specific ordinance. 75 Pa.C.S.A. §6109; Commonwealth v. Hurrell, 103 Dauphin 341 (1982); Commonwealth v. Selleck, 15 Lycoming 66 (1982).

Signs which indicate the enactment of an ordinance authorizing the use of Vascar-Plus or that Vascar-Plus is in fact in use are not required by Vehicle Code Sections 6102(b), 6109(b) and 6109(c). All that is required by these sections is that a speed limit sign be posted; the signs need not designate which type of speed detection device is being used. Commonwealth v. Wickham, 130 Pittsburgh L.J. 65 (1982).

Section 6109(a)(11) requires an agreement between local police and the Pennsylvania State Police before the local police can enforce speed restrictions on certain types of highways. No such agreement

existed between the Upper Saucon Township Police and the Pennsylvania State Police at the time defendant was issued his citation for speeding. The Commonwealth correctly asserts, however, that Route 309 along the area where the citation was issued is not of the type of highway contemplated by the statute. See: 75 Pa.C.S.A. §6109(a)(11). Therefore this section does not apply. Accordingly, defendant's post-trial motions are denied.

### ORDER

Now, August 18, 1983, after oral argument, consideration of briefs submitted by counsel, and for the reasons stated in the attached opinion,

It is ordered that defendant's motions for new trial and in arrest of judgment be and the same are hereby denied.